IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02413–WYD–KMT


CROSS CONTINENT DEVELOPMENT, LLC, a Colorado limited liability corporation,

      Plaintiff,

v.

TOWN OF AKRON, Colorado, a Colorado municipal corporation,
THE AKRON TOWN COUNCIL,
CARL S. McGUIRE, II, ESQ., in his official capacity as Attorney for the Town of Akron,
THE BOARD OF TRUSTEES OF THE TOWN OF AKRON, and
THE COLORADO PLAINS REGIONAL AIRPORT DEVELOPMENT COMMITTEE,

      Defendants.

---

## ORDER

---

      This matter is before the court on "Plaintiff's Motion for Leave to File Second Amended Complaint to Include Claim for Punitive Damages."  (Doc. No. 70 [Mot.], filed May 25, 2011.) Defendants filed a response opposing Plaintiff's Motion on June 28, 2011 (Doc. No. 76 [Resp.]) and Plaintiff filed a reply on July 19, 2011 (Doc. No. 84 [Reply]).

      In its Motion, Plaintiff seeks to amend its Amended Complaint (Doc. No. 2) to include a claim for punitive damages against Defendant Carl S. McGuire II, Esq.  (Mot. at 3.)  Defendants object to Plaintiff's Motion on grounds that Plaintiff's proposed amendments would be futile and because they would unfairly prejudice Defendants.  (*See* Resp.)

**LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave [to amend

the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232

F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley

Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the

circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits. In the absence of any apparent or declared reason-such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.-the
> leave sought should, as the rules require, be "freely given." Of course, the grant or
> denial of an opportunity to amend is within the discretion of the District Court,
> but outright refusal to grant the leave without any justifying reason appearing for
> the denial is not an exercise of discretion; it is merely abuse of that discretion and
> inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d

444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which
> one misstep by counsel may be decisive to the outcome and accept the principle
> that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

**ANALYSIS**

*1.      Futility*

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the

district court may deny leave to amend where amendment would be futile. A proposed

2

amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

Defendants first argue that Plaintiff's proposed amendments are futile because, by seeking to assert claims for punitive damages against Defendant McGuire in his official capacity, Plaintiff impermissibly seeks to recover punitive damages from the Town of Akron, a government entity. (Resp. 5-6.) However, Defendants do not cite any case law or other authority to support their position that Plaintiff cannot recover punitive damages from Defendant McGuire in his official capacity. Instead, and as Plaintiff counters, the Tenth Circuit has held just the opposite: "The fact that municipalities are immune from punitive damages does not, however, mean that individuals in their official capacity are likewise immune." *Youren v. Tintic Sch. Dist.,* 343 F.3d 1296, 1307 (10th Cir. 2003).

To be sure, other courts have questioned *Youren's* reasoning on this point*, Riggs v. City of Owensville,* No. 4:10-cv-793-CAS, 2010 WL 2681384, at *2–3 (E.D. Mo. July 2, 2010) (unpublished), and at least one court in this circuit has failed to follow this portion of *Youren's* holding, *Fernandez v. Taos Mun. Sch. Bd. of Educ.,* 403 F. Supp. 2d (D.N.M. 2005) (Kelly, J., sitting by designation) (citing *Youren,* but nevertheless dismissing punitive damages claim against individual defendants in their official capacities).[1] Nevertheless, absent a thorough, well-

---

[1] *See also Smith v. Wade,* 461 U.S. 30, 36 n.5 (1983) (recognizing that a significant justification for the holding of *Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981)—where the Court held that punitive damages are not recoverable against a municipality—was that the assessment of punitive damages against an offending official "based on his personal financial

supported argument from Defendants, the court declines to reject binding Tenth Circuit precedent on point, particularly at this procedural juncture.  Accordingly, the court finds that Defendants have failed to demonstrate Plaintiff's proposed amendments are futile insofar as they seek punitive damages against Defendant McGuire in his official capacity.

Defendants next claim that Plaintiff's proposed amendments are futile because Plaintiff has failed to provide any allegations that, if true, would warrant an award of punitive damages. (Resp. at 6–7.)  Plaintiff contends that it has alleged a number of specific facts entitling it to punitive damages.  (Mot. at 4.)

Punitive damages are available in a 42 U.S.C. § 1983 action when "the defendant's conduct is shown to be motivated by evil motive or intent, or when if involves reckless or callous indifference to the federally protected rights of others."  *Smith*, 461 U.S. at 56.  Here, Chief Judge Daniel has already determined that the allegations that Defendant McGuire "publicly acknowledg[ed] the one-year cure period in the lease, and then nevertheless stat[ed] that CCD's rejection of the termination on that basis would 'set us up for the next violation'" could amount to an "arbitrary, capricious, and/or conscience shocking" act.  (Order, Doc. No. 48, entered Sep. 23, 2010).  While the substantive due process test employed by Chief Judge Daniel in his order is not identical to the standard for determining whether punitive damages are available, they both implicate factual issues better resolved at a later stage in the proceedings.  *Gansert v. Colorado,* 348 F. Supp. 2d 1215, 1231-32 (D. Colo. 2004) (whether a jury could find that a defendant acted

resources" sufficiently protects against recurrent constitutional violations).

4

with the requisite mind state to support punitive damages "depends on the evidence put before the jury").

Defendants further argue that the applicable statute of limitations has expired for Plaintiff's proposed amendments against Defendant McGuire.  (Resp. at 8-9.)  More specifically, Defendants again argue that Plaintiff must name Defendant McGuire as a defendant in his individual capacity to assert a claim for punitive damages, and because the statute of limitations on Plaintiff's § 1983 claims supposedly ran on January 5, 2011, Plaintiff's failure to name Defendant McGuire in his individual capacity prior to that date bars Plaintiff's proposed amendments for punitive damages.  (*Id.*)  However, as noted above, Tenth Circuit case law affirmatively provides that punitive damages may be asserted against a state official in his official capacity.  *Youren,* 343 F.3d at 1306.  Plaintiff filed its Amended Complaint on October 15, 2009—well before the date on which Defendants argue the statute of limitations expired—and named Defendant McGuire in his official capacity therein.  Accordingly, Plaintiff's proposed amendments are not futile under the applicable statute of limitations.

Defendants' final futility argument asserts that Plaintiff's proposed amendments should not be permitted because Defendant McGuire is protected by qualified immunity.  (Resp. at 9-10.)  "Qualified immunity applies only to defendants who are sued in their individual capacities, not in their official capacities."  *Tri-State Contractors, Inc. v. Fagnant,* 393 F. App'x 580, 583 (10th Cir. 2010) (citing *Kentucky v. Graham,* 473 U.S. 159, 166-67 (1985)).  Here, Defendant McGuire is being sued only in his official capacity, and not in his individual capacity.

5

Therefore, because qualified immunity would offer no defense to Plaintiff's proposed amendments, Plaintiff's Motion is not futile.

###       2.       *Undue Prejudice*

Defendants next argue that Plaintiff's Motion should be denied because the proposed amendments would cause Defendants unfair prejudice.  (Resp. at 11-12.)  The "most important [] factor in deciding a motion to amend the pleadings [] is whether the amendment would prejudice the nonmoving party."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party."  *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983).  "Most often, this occurs when the amended claims arise out of subject matter different from what was set forth in the complaint and raise significant new factual issues."  *Minter*, 451 F.3d at 1208.

Defendants' argument that they will be prejudiced because Plaintiff is "asserting a new legal theory of liability by requesting punitive damages against [Defendant] McGuire in his individual capacity" is easily dismissed in light of the discussion above.  (Resp. at 11.)  Again, Plaintiff has made it clear that Defendant McGuire is being sued for punitive damages in his official capacity, not his individual capacity.  (Reply at 2.)  Otherwise, no new or additional factual allegations are raised by Plaintiff's proposed amendments.  Moreover, even if it could somehow be said that the proposed amendments significantly shifted the thrust of this case, trial is currently set for January 9, 2012 (Minute Order, Doc. No. 69, entered Apr. 19, 2011)—more

than 5 months from now—and Defendants have moved to vacate that trial date as well (Doc. No. 75, filed Jun. 28, 2011).  Accordingly, the court finds that Defendants have ample time to adjust to Plaintiff's proposed amendments and, therefore, will not be unduly prejudiced if Plaintiff's Motion is granted.

Therefore, it is

**ORDERED** that

"Plaintiff's Motion for Leave to File Second Amended Complaint to Include Claim for Punitive Damages" (Doc. No. 70) is **GRANTED**.  The Clerk of Court is directed to file the "Second Amended Complaint" (Doc. No. 70-1) attached to Plaintiff's Motion.

Dated this 4th day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge