IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02413-WYD-KMT

CROSS CONTINENT DEVELOPMENT, LLC, a Colorado limited liability corporation

     Plaintiff,

v.

TOWN OF AKRON, Colorado, a Colorado municipal corporation;
THE AKRON TOWN COUNCIL;
CARL S. McGUIRE II, Esq., in his official capacity as Attorney for the Town of Akron;
THE BOARD OF TRUSTEES OF THE TOWN OF AKRON; and
THE COLORADO PLAINS REGIONAL AIRPORT DEVELOPMENT COMMITTEE,

     Defendants.

## ORDER STAYING THE CASE

THIS MATTER comes before the Court on the Amended Motion by Defendants for Stay of Litigation Pursuant to the Servicemembers Civil Relief Act (filed June 28, 2011).  The motion requests issuance of an Order staying all claims and proceedings in this litigation, including vacating the trial date currently set to commence on January 9, 2012.  The stay is sought due to the commencement of Defendant Carl S. McGuire, III's active duty with the United States Navy Reserve starting on May 25, 2011 and ending no sooner than March 28, 2012.

Plaintiff filed a Notice of Partial Opposition to Defendants' Amended Motion for Stay of Litigation Pursuant to the Servicemembers Civil Relief Act on July 19, 2011. Plaintiff does not oppose resetting the trial date while Defendant Lieutenant Commander McGuire ["McGuire"] is deployed on active duty status.  However, Plaintiff

does oppose Defendants' request to stay the entire action.  Plaintiff argues that because all discovery has been completed and the only remaining pre-trial matters are evidentiary issues that will be handled by counsel, McGuire's rights, including his ability to conduct his defense and ability to appear for court proceedings, will not be materially affected by his military service.  Defendants filed a Reply on August 5, 2011.  The motion is thus fully briefed.

Turning to my analysis, the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501, was signed into law on December 19, 2003.  One of the purposes of the Act is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C. § 502(2).  Pursuant to the Act, "the court . . . shall, upon application by the servicemember, stay the action for a period not less than 90 days. . . ." *Id.*, § 522(b).  Such a stay is mandatory.  *See Pandolfo v. Labach,* 727 F. Supp. 2d 1172, 1175 (D.N.M. 2010).

I find that a stay of the entire proceeding is appropriate under the Servicemembers Civil Relief Act.  Defendant McGuire has substantiated that he is on active duty, as he was involuntarily mobilized to support Operations Noble Eagle and Enduring Freedom in Afghanistan.  Defendants have also shown facts stating the manner in which current military duty requirements materially affect McGuire's ability to appear.  (See Exs. A and B to Defs.' Am. Mot.)

While Plaintiff argues in its response that McGuire's ability to conduct his defense and ability to appear for court proceedings will not be materially affected by his military

service, I disagree. As Defendants note, when McGuire was initially deployed, his involvement in the case was in his official capacity whereby the suit against him was a claim against the entity (the Town of Akron). Now, however, pursuant to the filing of the Second Amended Complaint, McGuire faces personal exposure on a claim for punitive damages that is directed solely against him. The defense of this claim requires refuting Plaintiff's allegations regarding McGuire's conduct and intent allegedly justifying punitive damages. Such defense arguably necessitates that McGuire have unfettered access to all evidence in this case and direct communication with his attorneys. I agree with Defendants that McGuire cannot effectively defend this action from a war zone in Afghanistan, more than 7,500 miles away and subject to a 10.5-hour time difference, while still attending to his assigned duties. I also find that Plaintiff has not shown any prejudice as a result of a stay of the entire proceeding.

Accordingly, I find that this case should be stayed *in toto* until June 28, 2012. I also find that the current trial date should be vacated, and that counsel should contact the Court to set a new trial date commencing after June 28, 2012. It is therefore

ORDERED that the Amended Motion by Defendants for Stay of Litigation Pursuant to the Servicemembers Civil Relief Act Defendant's Motion for Stay of Proceedings (ECF No. 77) is **GRANTED**. The case is **STAYED** until **Thursday, June 28, 2012**, EXCEPT THAT counsel for the parties shall jointly contact the Court by **Thursday, August 18, 2011**, to set a new trial date commencing after June 28, 2012. It is

FURTHER ORDERED that the Final Trial Preparation Conference set for Monday, December 19, 2011, at 10:00 a.m. and the ten-day jury trial set to commence on Monday, January 9, 2012 are **VACATED**.

Dated this 11th day of August, 2011.

                                BY THE COURT:

                                <u>s/ Wiley Y. Daniel</u>
                                WILEY Y. DANIEL,
                                CHIEF UNITED STATES DISTRICT JUDGE