IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02413-WYD-KMT

CROSS CONTINENT DEVELOPMENT, LLC, a Colorado limited liability corporation

      Plaintiff,

v.

TOWN OF AKRON, Colorado, a Colorado municipal corporation;
THE AKRON TOWN COUNCIL;
CARL S. McGUIRE II, Esq., in his official capacity as Attorney for the Town of Akron;
THE BOARD OF TRUSTEES OF THE TOWN OF AKRON; and
THE COLORADO PLAINS REGIONAL AIRPORT DEVELOPMENT COMMITTEE,

      Defendants.

---

### ORDER

---

THIS MATTER is before the Court on Defendants' Motion to Strike Under Federal Rule of Civil Procedure 12(f) and to Dismiss Under Federal Rule of Civil Procedure (12)(b)(6).  A response was filed to the motion on April 16, 2012, and a reply was filed on May 3, 2012.

By Order of June 13, 2012, notice was provided to the parties that the motion to dismiss was converted pursuant to Fed. R. Civ. P. 12(d) to a motion for summary judgment, as materials outside the pleadings were attached to Plaintiff's Response. The parties were provided the opportunity to submit additional materials to be considered in connection with that motion.  Both parties filed further responses on June 25, 2012.

Before addressing the merits of the case, I note that Plaintiff Cross Continent Development, LLC ["CCD"] alleges in this case that on January 5, 2009, with no prior warning or notice, the Town of Akron terminated a 49-year old lease with CCD under which CCD leased property adjacent to the Colorado Plains Regional Airport in Akron. CCD asserts claims of substantive due process, procedural due process and unlawful taking as to all the Defendants.  It also asserts claims of breach of contract and breach of the duty of good faith and fair dealing against the Town of Akron.  On August 4, 2011, a Second Amended Complaint was filed in which CCD added a claim for punitive damages against Defendant Carl S. McGuire, Jr., Esq. ["McGuire"].

Defendants argue in their motion that the official capacity claims against McGuire should be stricken pursuant to Fed. R. Civ. P. 12(f).  They also argue that the punitive damages claim should be dismissed pursuant to Fed. R. Civ. P. 12(b), which is now subject to consideration under Fed. R. Civ. P. 56 since this portion of the motion was converted to a summary judgment motion.  Thus, I turn to the merits of the arguments.

II.   ANALYSIS

A.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(f), the district court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case."  *United States v. Smuggler–Durant Mining Corp.,* 823 F. Supp. 873, 875 (D. Colo.1993).  A motion to strike pursuant to Rule 12(f) may be granted within the sound discretion of the district court.  *Id.*

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *E.E.O.C. v. Horizon/ CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *Horizon/ CMS Healthcare Corp.*, 220 F.3d at 1190. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). When applying the summary judgment standard, the court must "'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Id.* (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

B.    Whether Defendants' Motion Should Be Granted

Defendants argue in their motion that the claims made against McGuire in his official capacity and the Town of Akron should be stricken under Fed. R. Civ. P. 12(f) since an official capacity claim is merely another way of pleading an action against an

entity for which the officer is an agent.  They contend that naming either is sufficient, and naming both is redundant, citing *Bleck v. City of Alamosa*, No. 10-cv-03177-REB-KMT, 2011 WL 5104510, at *1 (D. Colo. Oct. 27, 2011).  In fact, they assert that allowing both an official-capacity claim and a claim against the entity is tantamount to a double recovery since CCD has not "articulated independent bases" for claims against McGuire and the Town of Akron.  Related to this, Defendants argue that the punitive damages claim should be dismissed because public entities are immune from such damages, and the clear weight of authority holds that this immunity applies equally to official-capacity claims.  Alternatively, Defendants argue that the punitive damages claim should be dismissed because CCD failed to plead the requisite "evil motive or intent" to prevail on such a claim.

CCD argues in response that Defendants' motion to strike is "inexcusably and grossly untimely", as the issue could and should have been raised in their first motion to dismiss filed over two years ago on December 9, 2009.  I reject this argument.  While this argument certainly could, and perhaps even should have been, raised earlier, Defendants certainly have the right to file a new motion to dismiss in connection with the filing of the Second Amended Complaint.

CCD also asserts that Defendants' arguments are barred by the law of the case. It contends that the Court previously ruled as a matter of law that CCD's claim for punitive damages against McGuire is factually and legally sound for purposes of pleading requirements, pointing to Magistrate Judge Tafoya's Order allowing the filing of CCD's Second Amended Complaint.  Again, I reject this argument.

"The law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1132 (10th Cir. 2001) (quotation omitted).  I do not interpret Magistrate Judge Tafoya's Order of August 4, 2011, to be a ruling as a matter of law that the punitive damages claim was factually and legally sound for purposes of trial.  Instead, she limited her ruling to the "procedural juncture" presented at that time; namely, whether CCD's Second Amended Complaint was permissible under the liberal standard of Fed. R. Civ. P. 15.  (Order of August 4, 2011, at 3-4, ECF No. 85.)  She further explicitly noted that she was not resolving the factual issues regarding the punitive damages claim, stating that those issues "were better resolved at a later stage in the proceedings."  (*Id.* at 4.)

Thus, I turn to the merits of Defendants' arguments.  I agree with Defendants that official capacity suits are generally to be treated as a suit against the governmental entity*, Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1995), and that suits against both an official sued in his official capacity and the governmental entity may be duplicative.  However, the Tenth Circuit has allowed suit against both the governmental entity and its agent sued in his or her official capacity if "either separate duties were breached or separate injuries resulted" such that there is an explanation for the division of damages award between the public entity and its agent.  *J.M. ex rel. Morris v. Hilldale*, 397 Fed. App'x 445, 462 (10th Cir. 2010) (unpublished) (finding that award of damages against the government agent who was sued in her official capacity was appropriate where it was to "publicly sanction" her for her independent violations of the Whistleblower Act);

see also *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1117-18 (10th Cir. 2004) (claims are not duplicative against the municipality and its agent if the claims address two separate wrongs).

In this case, CCD asserts that the claims asserted against the Town of Akron and McGuire are neither superfluous nor redundant because CCD seeks an award of punitive damages against McGuire only, and that McGuire's wrongful conduct was independent to and in addition to the wrongful actions of the Town. Accordingly, CCD contends that the argument there is a potential for "double recovery" is inaccurate, and that the claims against McGuire should not be stricken pursuant to Rule 12(f). CCD also asserts that the punitive damage claim against Defendant McGuire is permitted under Tenth Circuit authority, citing *Youren v. Tintic School Dist.*, 343 F.3d 1296, 1309 (10th Cir. 2003), and that like *Youren*, there is sufficient evidence in this case of McGuire's reckless and callous indifference to the federally protected rights of CCD.

I find that there are genuine issues of material fact as to whether McGuire's alleged wrongful conduct was independent to and in addition to the wrongful actions of the Town. Accordingly, I find that the claims against McGuire should not be stricken under Rule 12(f).

I also find that the Tenth Circuit has indicated that punitive damages against a government official sued in his or her official capacity can be appropriate in certain situations, *Youren*, 343 F.3d at 1309[1], and find that there are genuine issues of material

---

[1] In *Youren*, both the name of the municipality and the governmental official being sued were placed on the jury verdict, and the jury was told not to duplicate damages. The *Youren* court held that while an award of punitive damages was not appropriate as to the municipality, it might be as to the

fact as to whether McGuire acted in reckless and callous indifference to the federally

protected rights of CCD. In that regard, if the evidence is viewed in light most favorable

to CCD, it can be construed to show:

1. McGuire publicly acknowledged the one-year cure period in the Lease yet proceeded to recommend that the Town terminate the Lease in violation of the Lease terms, to set CCD up for the "next violation";

2. McGuire received advice from Randall Hayes ["Hayes"], one of CCD's former members regarding termination of the Lease in violation of Lease terms. Hayes had an economic incentive in seeing CCD's Lease terminated. Hayes testified that he drafted the January 5, 2009 termination letter and provided it to McGuire on or around December 5, 2008, but that McGuire recommended waiting to send the letter until the December 31, 2008 deadline for submitting a Development Plan to the Town had passed. (Dep. of Randall Hayes, Ex. 2 to Plaintiff's Resp. at 192:23-194:8);

3. The Town followed McGuire's recommendation, and McGuire waited to send the termination letter to CCD until January 5, 2009. (*Id.* at 193:17-194:8). Hayes' testimony identifies McGuire as the individual responsible for the decision to delay the termination letter until after the December 31, 2008 development plan deadline had passed, which eliminated any ability of CCD to react to the letter prior to expiration of the contractual deadline; and

4. McGuire permitted the Town of Akron to usurp CCD's right under the Lease to approve subleases and receive monetary compensation therefrom although he was aware that such actions violated the Lease and CCD's federally protected property interest. McGuire knew that CCD had the right to collect rent from various sub-leases under the Lease, but he permitted the Town to transfer the sub-leases to third parties without notice to CCD or a hearing. [Dep. of McGuire, Ex. 1 to Plaintiff's Resp. at 110:24-111:3].

Based on the foregoing, I find that summary judgment should be denied. The

issues presented in Defendants' motion may, however, be revisited at trial depending

---

individual official sued in her official capacity. *Id.* at 1307. It stated, "[t]he fact that municipalities are immune from punitive damages does not, however, mean that individual officials sued in their official capacity are likewise immune. The jury found that the governmental official's actions violated the plaintiff's federal civil rights and the Whistleblower Act. *Id.* It then stated that if a jury were to find the government official's "acts to be unjustified, punitive damages could be appropriate." *Id.* at 1309.

on the sufficiency of CCD's evidence.  It is therefore

ORDERED that Defendants' Motion to Strike Under Federal Rule of Civil

Procedure 12(f) and to Dismiss Under Federal Rule of Civil Procedure (12)(b)(6), which

was converted in part to a motion for summary judgment by Order of June 13, 2012, is

**DENIED**.

Dated:  July 3, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge