IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02413-WYD-KMT

CROSS CONTINENT DEVELOPMENT, LLC, a Colorado limited liability corporation

    Plaintiff,

v.

TOWN OF AKRON, Colorado, a Colorado municipal corporation;
CARL S. McGUIRE II, Esq., in his official capacity as Attorney for the Town of Akron;

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion for Setoff of Costs filed May 23, 2014.  A response was filed on June 16, 2014, and a reply was filed on June 30, 2014.  Thus, the motion is fully briefed.

By way of background, there are three costs awards by the Court that are relevant to this motion.  First, the Clerk awarded costs in favor of Plaintiff Cross Continent Development ["CCD"] in the amount of $14,592.80 against the Town of Akron.  This cost award arises from the judgment entered in favor of CCD against the Town of Akron on April 21, 2014.  Second, the Clerk awarded costs in favor of the Town of Akron in the amount of $3,307.97, which costs were stipulated to by CCD.  This cost award is a function of an unaccepted offer of judgment made to CCD by the Town of Akron on March 18, 2014.  Since CCD's verdict did not exceed the amount of the offer, post-offer costs are awardable under Fed. R. Civ. P. 68(d).  Finally, the Clerk awarded

costs in favor of former Defendant Carl S. McGuire, II, Esq. ["McGuire"] in the amount of $4,788.17, which costs were stipulated to by CCD.  This award arises from the jury verdicts in August of 2012 on the civil rights and punitive damages claims against McGuire.[1]

The motion of Defendant Town of Akron and former Defendant McGuire seeks an order setting off from CCD's $14,592.80 cost award the $8,096.14 in Defendants' costs that CCD stipulated to.  This would result in CCD being owed the amount of $6.496.66 in costs plus the $1.00 judgment awarded by the jury in April 2014.  Defendants argue the "general rule" that "a judgment for costs for one party may be set off against a judgment for another in the same action", *see Mass. Cas. Ins. Co. v. Forman*, 600 F.2d 481, 485 (5th Cir. 1979), and asserts that it is more efficient to set off the costs awarded to the parties, particularly in light of the representations made by CCD representatives that CCD has little or no assets.

I agree with Defendants that a judgment for costs for one party may be set off against a judgment for another in the same action.  *See* 10 Wright & Miller, Fed. Practice & Procedure § 2667; *Forman*, 600 F.2d at 485.  As the Supreme Court indicated, "[t]he right of setoff . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'"  *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat'l Bank,* 229 U.S. 523, 528 (1913)).

---

[1] CCD asserts that this award revises (by approximation) the cost award in favor of both McGuire and the Town of Akron in September 2012, to reflect only costs awardable to McGuire.

Further, I find that the setoff sought by Defendants is appropriate under the above authority. While I recognize that setoff is not a matter of right, as argued by CCD, I find that setoff makes sense in this case where the costs awarded arose from the same action. CCD cites to no case law or other authority for the proposition that the availability of a setoff must be based solely on Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, or that judgments based on cost awards should be treated differently than other types of judgments. The fact that Rule 54 and the federal cost statute themselves do not directly address cost set offs is no barrier to the Court granting Defendants' motion where the Supreme Court has recognized the logic and validity of setoffs.

CCD also argues, however, that a set off is not appropriate as to the costs awarded to McGuire, as the debts are not mutual, citing *Bermant v. Broadbent*, No. 2:05 CV 466, 2006 WL 3692661 (D. Utah Dec. 12, 2006). Thus, CCD has a cost judgment against the Town of Akron, while McGuire has a cost judgment against CCD. I reject CCD's argument. As the *Bermant* court recognized, courts can find mutuality by looking through nominal parties to reveal the real parties in interest. *Id.* at * 9 n. 4. In this case, McGuire was sued in his official capacity, and CCD alleged that "[a]ll actions undertaken by" McGuire "were committed under color of state law." (*See* Pl.'s Second Am. Compl., ECF No. 86, ¶ 6.) The Supreme Court has made clear that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("It is *not* a suit against the official personally, for the real party in interest is the entity") (emphasis in original); *see*

*also Cross Continent Dev. v. Town of Akron*, 2013 WL 6334840, *7 (10th Cir. Dec. 6, 2013). McGuire's cost judgment arose from his prevailing-party status in his official capacity as attorney for the Town of Akron. Therefore, the Town of Akron is the real party in interest, and mutuality exists as to the cost awards.

Based upon the foregoing, it is

ORDERED that Defendants' Motion for Setoff of Costs (ECF No. 228) is **GRANTED**. In accordance therewith, it is

ORDERED that Plaintiff's cost award of $14,592.80 is reduced by $8,096.14, the amount of costs awarded to Defendant Town of Akron and former Defendant Carl McGuire and stipulated to by Plaintiff. This setoff satisfies Plaintiff's liability for all costs awarded to Defendant Town of Akron and former Defendant Carl McGuire in this matter. It is

FURTHER ORDERED that Defendant Town of Akron shall pay to Plaintiff the total amount of $6,496.66 in costs, plus the $1.00 judgment awarded by the jury to Plaintiff on April 18, 2014, which shall satisfy Defendant Town of Akron's liability for all costs and judgments awarded to Plaintiff in this matter.

Dated: October 16, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge